UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

    - v. -

ROBERT LENARD BOOTH,
  a/k/a "Trevor Nicholas,"

               Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

PRELIMINARY ORDER OF
FORFEITURE AS TO SPECIFIC
PROPERTY/
MONEY JUDGMENT

S1 21 Cr. 652 (JSR)

        WHEREAS, on or about February 3, 2022, ROBERT LENARD BOOTH, a/k/a "Trevor Nicholas," (the "Defendant"), among others, was charged in three counts of a six-count Superseding Indictment S1 21 Cr. 652 (JSR), (the "Indictment"), with conspiracy to commit securities fraud and operate unlicensed money transmitting businesses, in violation of Title 18, United States Code, Section 371 (Count One); conspiracy to commit wire fraud, in violation of Title 18, United States Code, Section 1349 (Count Two); and conspiracy to commit money laundering, in violation of Title 18, United States Code, Section 1956(h) (Count Three);

        WHEREAS, the Indictment included a forfeiture allegation as to Counts One and Two, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and 982(a)(1), and Title 28, United States Code, Section 2461(c), of any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses charged in Counts One and Two of the Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offenses charged in Counts One and Two of the Indictment, and of the following asset, among other assets:

        The sum of $274,639.00 previously on deposit in an account with an account number ending in 6104 and held in the name of Robert Lenard Booth;

(the "Forfeitable Currency")

WHEREAS, the Indictment included a forfeiture allegation as to Count Three, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), of any and all property, real and personal, involved in the offense charged in Count Three of the Indictment, or any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in the offense charged in Count Three of the Indictment, and of the Forfeitable Currency, among other assets;

WHEREAS, in or about September 2021, the Government seized the Forfeitable Currency, to whit $274,639.00 in United States currency previously on deposit in Citibank account number 679-887-6104, held in the name of Robert Lenard Booth (the "Seized Currency");

WHEREAS, on or about April 28, 2022, following a jury trial, the Defendant was found guilty of Counts One through Three of the Indictment;

WHEREAS, the Government asserts that $780,981.86 in United States currency represents property constituting, or derived from proceeds traceable to the commission of the offenses charged in Counts One through Three of the Indictment that the Defendant personally obtained;

WHEREAS, the Government has also identified the following assets, which constitute proceeds of the offenses charged in Counts One through Three of the Indictment:

   a. The full balance, up to and including $67,338.66 in United States currency, on deposit in account number 601-900-780-1 held in the name of Robert Lenard Booth, maintained at United Overseas Bank in Thailand;

   b. The full balance, up to and including 120,752.93 in Thai Baht (THB), on deposit in account number 873-109-243-5 held in the name of, Robert Lenard Booth, maintained at United Overseas Bank in Thailand;

   c. The full balance, up to and including 11,435,101.16 THB, on deposit in account number 601-117-538-1 held in the name of Robert Lenard Booth, maintained at United Overseas Bank in Thailand.

(a. through c., together with the Seized Currency, the "Specific Property")

WHEREAS, the Government seeks the entry of a money judgment in the amount of $780,981.86 in United States currency representing the amount of proceeds traceable to the offenses charged in Counts One through Three of the Indictment that the Defendant personally obtained;

WHEREAS, the Government further seeks the forfeiture of all of Defendant's right, title and interest in the Specific Property, which constitutes proceeds traceable to the offenses charged in Counts One through Three of the Indictment, that the Defendant personally obtained;

WHEREAS, the Court finds that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offenses charged in Counts One through Three of the Indictment that the Defendant personally obtained cannot be located upon the exercise of due diligence, with the exception of the Specific Property; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1.  As a result of the offenses charged in Counts One through Three of the Indictment, of which the Defendant was found guilty, a money judgment in the amount of $780,981.86 in United States currency (the "Money Judgment"), representing the amount of

proceeds traceable to the offenses charged in Counts One through Three of the Indictment that the Defendant personally obtained, shall be entered against the Defendant.

2.   As a result of the offenses charged in Counts One through Three of the Indictment, of which the Defendant was found guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3.   Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the Defendant, ROBERT LENARD BOOTH, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

4.   The Specific Property shall be applied toward the satisfaction of the Money Judgment.

5.   All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable to the United States Customs and Border Protection, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the Defendant's name and case number.

6.   The United States Customs and Border Protection is authorized to deposit the payments on the Money Judgment in the Treasury Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

7.   Upon entry of this Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

8. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

9. The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

10. Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

11. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed. All Specific Property forfeited to the

United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

13. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

13. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

14. The Court shall retain jurisdiction to enforce this Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

SO ORDERED:

_____
HONORABLE JED S. RAKOFF
UNITED STATES DISTRICT JUDGE

8/11/22
DATE